```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

**MARCUS A. CANADA,**

      Petitioner,

                                                  Civil Action 2:16-cv-0103
  vs.                                      JUDGE JAMES L. GRAHAM
                                                  Magistrate Judge King

**WARDEN, NOBLE CORRECTIONAL INSTITUTION,**

      Respondent.


## REPORT AND RECOMMENDATION

This is an action for a writ of habeas corpus under 28 U.S.C. § 2254. This matter is now before the Court on the *Petition* (ECF No. 1), on Respondent's *Motion to Dismiss without Prejudice for Failure to Exhaust* (ECF No. 8)("*Motion to Dismiss*"), and the exhibits of the parties. The *Motion to Dismiss* is unopposed. For the following reasons, the Court recommends that the *Motion to Dismiss* be granted and that this action be dismissed, without prejudice, as unexhausted.

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of the case in relevant part as follows:

> [O]n November 27, 2013, a Franklin County Grand Jury filed an indictment charging appellant with three criminal counts: two counts of aggravated burglary, in violation of R.C. 2911.11, felonies of the first degree; and one count of domestic violence, in violation of R.C. 2919.25, a felony of the third degree.
>
> On June 11, 2014, following trial, the jury returned a verdict of not guilty on one count of aggravated burglary, and guilty on the remaining count of aggravated burglary and the count of domestic violence. On the same day, the

1

> trial court imposed a sentence of imprisonment for a term of three years for the count of aggravated burglary and two years for the count of domestic violence, to be served consecutively, for an aggregate prison term of five years. On June 27, 2014, the trial court filed a corrected judgment entry reflecting appellant's conviction and sentence.
>
> In his direct appeal, appellant raised seven assignments of error for our review. On June 4, 2015, we issued a decision overruling appellant's assignments of error and affirming the judgment of the trial court. *Id.* at ¶ 110.[1]
>
> On August 19, 2015 appellant filed an application to reopen his appeal pursuant to App.R. 26(B). On September 18, 2015, plaintiff-appellee, State of Ohio, filed a memorandum in opposition. We denied appellant's application for reopening in *State v. Canada,* 10th Dist. No. 14AP-523 (Jan. 21, 2016) (memorandum decision).[2]
>
> \*\*\*
>
> Earlier, on July 29, 2015, appellant filed a "petition to vacate and set aside the defendant's sentence and conviction for post-conviction relief, pursuant to [R.C.] 2953.21 and request for a hearing." On August 10, 2015, appellant filed a motion for appointment of counsel for his post-conviction proceedings. On September 3, 2015, the state filed an answer and motion to dismiss appellant's motion for post-conviction relief. On September 22, 2015, appellant filed a response to the state's answer and motion to dismiss. On December 14, 2015, the trial court filed a decision and entry denying appellant's July 29, 2015 petition and his August 10, 2015 motion.

*State v. Canada*, 2016-Ohio-5948, ¶¶ 2-5, 2016 WL 5375459, at \*1-2 (Ohio App. 10th Dist. Sept. 22, 2016). Petitioner alleged in his petition for post-conviction relief that he had been denied the effective assistance of trial counsel because his attorney failed to

---

[1] On September 16, 2015, the Ohio Supreme Court declined to accept jurisdiction of Petitioner's appeal from this decision pursuant to S.Ct.Prac.R. 7.08(B)(4). (ECF No. 8-1, PageID# 337).

[2] On March 23, 2016, the Ohio Supreme Court declined to accept jurisdiction of the appeal from this decision pursuant to S.Ct.Prac.R. 7.08(B)(4). (ECF No. 8-1, PageID# 673).

2

subpoena witnesses and to investigate the case prior to trial, and failed to investigate 9-1-1 recordings for purposes of advising Petitioner whether to accept the government's plea offer; Petitioner also alleged that he had been denied the effective assistance of counsel during the plea negotiations phase. (ECF No. 8-1, PageID# 355, 359). Petitioner raised the following claims in his appeal from the judgment denying the petition for post-conviction relief:

> [I.] THE TRIAL COURT COMMITTED PREJUDICIAL ERR[OR] BY RULING THAT "ONE OF THE CLAIMS" THAT CANADA RAISED, WAS BARRED BY THE DOCTRINE OF *RES JUDICATA,* WITHOUT STATING *WHICH CLAIM* WAS THE ONE THAT WAS BARRED. FURTHERMORE, CANADA STATES THAT WHEN THERE IS EVIDENCE THAT IS *BOTH:* "ON" THE RECORD, AS WELL AS" OFF" THE RECORD, AND WHERE THE EVIDENCE RELIED UPON LIES MAINLY "*OFF* " THE RECORD, THAT SUCH EVIDENTIARY ISSUES ARE PROPERLY RAISED IN POST-CONVICTION RELIEF PROCEEDINGS, AS OPPOSED TO THE DIRECT APPEAL. THUS, IN SUCH CASES, THE DOCTRINE OF *RES JUDICATA,* WOULD BE MISPLACED.
>
> [II.] THE TRIAL COURT COMMITTED PREJUDICIAL ERR[OR] IN ITS JUDGMENT, WHEN THE TRIAL COURT RULED THAT APPELLANT'S PETITION FAILED TO CONTAIN "SUFFICIENT ADDITIONAL EVIDENCE" TO SUPPORT HIS REQUEST FOR AN EVIDENTIARY HEARING; AND WHERE THE TRIAL COURT FOUND THE "AFFIDAVITS" TO BE "INSUFFICIENT" AND "SELF-SERVING."
>
> [III.] THE TRIAL COURT COMMITTED PREJUDICIAL ERR[OR] IN ITS JUDGMENT, AS DEMONSTRATED BY APPELLANT'S FOLLOWING ARGUMENTS, IN THAT CANADA DID DEMONSTRATE THAT HIS TRIAL COUNSEL'S ASSISTANCE WAS *DEFICIENT,* BELOW AN OBJECTIVE STANDARD OF REASONABLENESS, AND THUS ENTITLING CANADA TO POST-CONVICTION RELIEF.
>
> [IV.] THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ITS FAILURE TO RECOGNIZE THAT APPELLANT'S SIXTH AND FOURTEENTH AMENDMENT RIGHT TO "EFFECTIVE" ASSISTANCE OF COUNSEL AT TRIAL WAS VIOLATED, WHICH DEPRIVED APPELLANT OF HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL, AS A RESULT OF DEFENSE COUNSEL'S FAILURE TO INDEPENDENTLY SUBPOENA ANY WITNESSES TO COME TO COURT TO TESTIFY; AND FOR FAILING TO "INVESTIGATE" THE CASE PRIOR TO THE DATE OF TRIAL.

> [V.] APPELLANT'S SIXTH AND FOURTEENTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WAS VIOLATED BASED ON ALL THE FOLLOWING REASONS (a) DEFENSE COUNSEL FAILED TO INVESTIGATE THE POLICE DISPATCH PHONE C.D. RECORDINGS, PRIOR TO THE DATE OF TRIAL, FOR PURPOSES OF PROPERLY "ADVISING" APPELLANT/-CANADA ON ACCEPTING "PLEA OFFERINGS" THAT WERE PROPOSED BY THE PROSECUTING ATTORNEY, PRIOR TO TRIAL; AND (b) APPELLA[NT] WAS DEPRIVED OF HIS RIGHT TO "EFFECTIVE" ASSISTANCE OF COUNSEL DURING THE "PLEA NEGOTIATIONS" AS A RESULT OF THE PROSECUTOR'S "DELAY" IN FURNISHING THE POLICE PHONE RECORDINGS (C.D.s) OVER TO DEFENSE COUNSEL, UNTIL *AFTER* THE TIME PERIOD ON ACCEPTING THE PLEA OFFER HAD ALREADY PASSED. ACCORDINGLY, THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ITS JUDGMENT DENYING CANADA'S POST-CONVICTION PETITION.

*State v. Canada*, 2016 WL 5375459, at *3. On September 22, 2016, the state appellate court sustained Petitioner's second assignment of error, sustained in part his first assignment of error, and found the remainder of Petitioner's claims to be moot. *State v. Canada*, 2016 WL 5375459. The state appellate court reversed the judgment of the trial court and remanded the case to the trial court for further proceedings. *Id.* The action apparently remains pending in the state trial court.

Petitioner filed this habeas corpus action on February 3, 2016. He alleges that he was denied a fair trial when the prosecution improperly submitted out-of-court CD recordings in violation of the Confrontation Clause (claim one); that he was denied a fair trial due to the admission of evidence of other bad acts (claim two); that he was denied a fair trial because the prosecution improperly denigrated defense counsel and made improper statements during closing arguments (claim three); that he was denied the effective assistance of counsel based on his attorney's failure to object to prosecutorial misconduct

4

during closing arguments (clam four); that he was denied a fair trial due to cumulative erroneous evidentiary rulings and improper comments made by the prosecutor during closing arguments (claim five); that his convictions are against the manifest weight of the evidence and are not supported by constitutionally sufficient evidence (claim six); that he was denied the effective assistance of appellate counsel (claims seven and eight); that he was denied the effective assistance of trial counsel due to his attorney's failure to subpoena witnesses or to investigate the case prior to trial (claim nine); and that he was denied the effective assistance of trial counsel during the plea negotiation phase (claim ten). Respondent contends that the action must be dismissed, without prejudice, as unexhausted.

Before a federal habeas court may grant habeas corpus relief under 28 U.S.C. § 2254, a state prisoner must exhaust his available state court remedies as to every claim asserted. 28 U.S.C. § 2254(d)(1); *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts,* 993 F.2d 124, 126 (6th Cir. 1993). If the petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254 (b),(c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

Plainly, this action is unexhausted. Petitioner raised the same allegations that he raises in habeas claims nine and ten in his state post-conviction petition, which remains pending in the state trial

5

court. Further, Petitioner may pursue appeals through the state courts from any adverse ruling on his petition for post-conviction relief. Moreover, a stay of these proceedings pending exhaustion of Petitioner's state court remedies is not appropriate because it does not appear that the statute of limitations has yet begun to run or will prevent Petitioner from filing a new habeas corpus action upon complete exhaustion of all his claims. *See Rhines v. Weber*, 544 U.S. 269 (2005)

It is therefore **RECOMMENDED** that Respondent's *Motion to Dismiss without Prejudice for Failure to Exhaust* (ECF No. 8) be **GRANTED** and that this action be dismissed, without prejudice, for failure to exhaust all claims asserted in the *Petition*.


If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v.*

*Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

       *s/  Norah McCann King*
       Norah M<sup>c</sup>Cann King
       United States Magistrate Judge

October 21, 2016

7